IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELONZA JESSE TYLER,

      Plaintiff,                      No. CIV S-06-1883 MCE EFB P

      vs.

R.L. ANDREASEN, M.D., et al.,

      Defendants.             <u>ORDER</u>

_____/

      Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. His August 22, 2006, complaint claims that defendants violated his rights under the Eighth Amendment by failing to provide adequate care for his serious medical needs. He moves to compel defendants to respond to interrogatories and requests for production of documents and for a determination of the sufficiency of answers and objections to requests for admissions. *See* Fed. R. Civ. P. 37(a)(2)(B); Fed. R. Civ. P. 36(a). A party may move for an order compelling discovery with respect to objections or other failure to respond to interrogatories or requests to produce documents. Fed. R. Civ. P. 37(a)(2)(B), 33(b)(5), 34(b).

      Defendants' opposition argues that: (1) plaintiff's discovery requests were not timely served in accordance with the discovery and scheduling order; (2) plaintiff has never attempted to meet and confer with defense counsel regarding the substance of the responses at issue; and

1  (3) the requests were propounded jointly to the entire group of defendants and purported to
2  require them to provide joint responses where defendants have different jobs and have been sued
3  for separate and discreet acts or omissions.
4        The discovery and scheduling order of May 24, 2007, set the discovery cut-off date for
5  August 10, 2007.  Accordingly, all requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34,
6  or 36 were to be served not later than 60 days before that date, which was June 11, 2007.
7  Plaintiff submitted to the court on August 9, 2007, a motion to extend time for discovery to
8  September 10, 2007, to provide defendants with an additional 30 days in which to comply with
9  his requests.  Plaintiff's requests were served by mail on July 3, 2007, several weeks beyond the
10 60-day limit.  Good cause appearing, plaintiff's request is granted *nunc pro tunc* and the
11 discovery deadline is continued to and including September 10, 2007.
12       Defendants argue that plaintiff did not appropriately attempt to meet and confer with
13 defense counsel prior to filing his motion to compel.  Rule 37(a)(2)(A) of the Federal Rules of
14 Civil Procedure requires a party moving to compel further discovery responses to meet and
15 confer with the opposing party to try and resolve discovery disputes without judicial
16 intervention. Defendants state that as of August 7, 2007, when plaintiff requested to meet and
17 confer with defense counsel, plaintiff had yet to receive the responses in question and therefore
18 did not have a basis upon which to make his request.  However, defendants waited until the last
19 possible minute to serve their discovery responses and it appears plaintiff was left with little
20 other option.  Plaintiff has shown good faith in attempting to meet and confer with defense
21 counsel even though he had yet to receive his responses.  Pursuant to the discovery and
22 scheduling order, plaintiff had only until August 10, 2007, in which to file a motion to compel
23 discovery.  Defendants did not serve their responses until August 7, 2007, and plaintiff was
24 without sufficient time to meet and confer with defense counsel regarding any alleged
25 deficiencies in the responses before the cut-off date for filing a motion to compel.
26 ////

Defendants object to plaintiff's "attempt to place the burden on them to go through and try to figure out to whom plaintiff is addressing each of his requests" by propounding joint requests to all defendants. Plaintiff states in his motion to compel that his requests are jointly addressed to each of the defendants and copies were provided to each of the defendants because they apply to each defendant in the same manner, as each of the defendants are employed by the same entity at the same facility and are governed by the same rules, regulations, and policies of the same employer and are being sued jointly in the same action. Indeed, nothing in Rule 33 or 34 of the Federal Rules of Civil Procedure requires plaintiff to tailor each request individually to each defendant. Rule 33(a) requires the party served to "furnish such information as is available to the party." In determining the availability of the information plaintiff seeks, defendants would necessarily be required to examine each request as it applies to each defendant. Joint requests for discovery do not unduly burden defendants beyond the ordinary burden of complying with discovery requests. That plaintiff is attempting to lend some efficiency to the discovery requests only speaks further to his good-faith efforts in conducting discovery in this case. Defendants' objection is untimely, regardless, as it is raised for the first time only in opposition to plaintiff's motion to compel.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's August 9, 2007, request to extend the discovery deadline to and including September 10, 2007, is granted *nunc pro tunc*.

2. Plaintiff's August 14, 2007, motion to compel is granted.

3. Defendants are required to comply with plaintiff's discovery requests within 30 days of the date this order is served if they have not already done so.

So ordered.

Dated: February 25, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE